# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DOUGLAS PRENTICE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CIV-12-1406-M |
| | ) | |
| vs. | ) | |
| | ) | **COMPLAINT** |
| SOURCE RECEIVABLES | ) | |
| MANAGEMENT, LLC, | ) | **JURY TRIAL REQUESTED** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

### NATURE OF ACTION

1.     This is an action brought pursuant to the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

### PARTIES

4.     Plaintiff, Douglas Prentice ("Plaintiff"), is a natural person who at all relevant times resided in the State of Oklahoma, County of Kay, and City of Blackwell.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.     Defendant, Source Receivables Management, LLC ("Defendant"), is an

entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.      Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9.      Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – namely, a mail-order service for home entertainment merchandise with Columbia House (the "Debt").

10.      Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11.      In connection with the collection of the Debt, Defendant placed a call to Plaintiff on August 29, 2012, and in such communication, demanded immediate payment from Plaintiff.

12.      The August 29, 2012 communication was Plaintiff's initial communication with Defendant.

13.      In its August 29, 2012 communication with Plaintiff, Defendant failed to

provide Plaintiff with the notices required by 15 U.S.C. § 1692g(a) *et seq.*, nor did Defendant provide Plaintiff with said notices in writing within 5 days thereafter.

14.     Plaintiff sent Defendant written communication dated September 5, 2012, and in such communication, disputed the Debt, requested verification, and demanded that Defendant cease and desist from placing any and all further calls to Plaintiff.   (See September 5, 2012 Correspondence, attached as Exhibit A).

15.     Defendant received Plaintiff's September 5, 2012 correspondence on September 8, 2012 at 10:55 A.M.  (See USPS Delivery Confirmation, attached as Exhibit B).

16.     Upon information and good-faith belief, Defendant did not send Plaintiff verification of the Debt.

17.     Despite Plaintiff's request for verification and cease and desist demand, Defendant placed a call to Plaintiff on September 10, 2012 at 3:48 P.M in connection with the collection of the Debt.

18.     During the September 10, 2012 conversation, Plaintiff told Defendant that he had sent Defendant a dispute letter, and again demanded that Defendant cease and desist from placing any and all further calls to Plaintiff.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692c(c)**

19.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 18.

20.     Defendant violated 15 U.S.C. § 1692c(c) by communicating with Plaintiff

after having received a letter from Plaintiff with a request to cease and desist all collection contacts or a statement that Plaintiff refuses to pay the alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(c);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692g(a)

21.    Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 18.

22.    Defendant violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the notices required by 15 U.S.C. § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereafter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692g(b)

23.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 18.

24.     Defendant violated 15 U.S.C. § 1692g(b) by continuing collection activities and communications with respect to the Debt, after receiving written communication from Plaintiff disputing the Debt, and without having first provided Plaintiff with verification of the Debt, including by placing a collection call to Plaintiff on September 10, 2012.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

25.    Plaintiff is entitled to and requests a trial by jury.


Respectfully submitted this  20th day of December, 2012.

By: s/Alex D. Weisberg
Alex D. Weisberg
WEISBERG & MEYERS, LLC
5722 South Flamingo Road, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 facsimile
AWeisberg@AttorneysForConsumers.com
Attorneys for Plaintiff